No. 2677.—THE MERCHANTS' MUTUAL INSURANCE COMPANY v. O. C. BLANDIN, State Tax Collector of the Third District, and THE GERMANIA INSURANCE COMPANY v. O. C. BLANDIN, State Tax Collector, Third District. (Consolidated.)

An insurance company can not be compelled to pay more than one license for permission to carry on their business, although they may have established more than one office or place of business. The license imposed on insurance companies is a tax on the occupation, and not on the business establishment, and must, therefore, be uniform on all such companies.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Albert Voorhies* and *C. E. Schmidt*, for plaintiffs and appellants. *Simeon Belden*, Attorney General, and *Hornor & Benedict*, for defendants and appellees.

TALIAFERRO, J. In each of these cases the State tax collector for the Third District of New Orleans having made a seizure of property to satisfy the debts and costs claimed to be due by the defendants, injunctions were taken out by them on the ground that having paid the license tax due by them for the year 1869, viz, the sum of $1000 fixed by law, no other or further sum can legally be required from them for license for the same year. Judgment was rendered against the insurance companies, and they have appealed.

It appears from the evidence that each of the companies has, besides its main place of business where policies of insurance are issued and payments and adjustments are made, an office elsewhere within the limits of the city for the accommodation of people residing in places remote from its principal place of business. It seems that the tax collector demanded the payment of license for these subordinate or auxiliary offices, and that in default of payment, he made seizures.

The Constitution of the State, article 118, provides that "The General Assembly may levy an income tax upon all persons pursuing any trade, occupation or calling, and all such persons shall obtain a license as provided by law." It has been frequently determined that the license tax is simply an amount levied upon a pursuit, business, trade, occupation or calling, and is wholly different in its nature from a tax on property. To be constitutional it must be equal and uniform on all persons pursuing or following the same business, occupation or calling. In the case before us, the insurance companies have each a stated known place of business, where their officers meet and transact the business peculiar to the occupation they are engaged in, the place known to the community at large where contracts relating to insurance are entered into, and settlements and payments growing out of such contracts are made. For the carrying on of this business the company pays the license. The fact that they have mere agencies elsewhere, merely subsidiary to the exercise of their calling or occupation, does

The Merchants' Mutual Insurance Company v. Blandin, State Tax Collector; and The Germania Insurance Company v. Blandin, State Tax Collector.

not violate the provisions of the revenue act of 1869, making "every person having more than one store or other establishment or place of business pay the license upon each separately."

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and that the injunction be perpetuated. It is further ordered that there be judgment in favor of the plaintiffs, the defendant and appellee paying costs in both courts.

HOWELL, J., concurring. In my view the plaintiffs may properly be relieved, because there is no provision of the law fixing a State license tax on agencies of insurance companies incorporated under the laws of this State, as there is in regard to banking agencies; but I am not prepared to say they should be relieved on the principle upon which the majority of the court have placed their action.